United States District Court
Southern District of Texas
**ENTERED**
April 15, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PAUL GILMORE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-4892 |
| | § | |
| WAYNE ATCHESON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This case arises out of a collision between a vehicle owned and driven by Paul Gilmore and a commercial tractor-trailer driven by Wayne Atcheson during the course of his employment with Annett Holdings, Inc. d/b/a TMC.  Both sides argue that they had the green light and that the opposing party ran the red light.  The defendants have moved for partial summary judgment on the plaintiff's gross-negligence and direct-negligence claims.  (Docket Entry No. 18).  The plaintiff has responded.  (Docket Entry No. 19).

Based on the pleadings, the motion, the record, and the applicable law, the court grants the defendants' motion for partial summary judgment.  (Docket Entry No. 18).  Summary judgment is granted, dismissing Gilmore's gross-negligence and direct-negligence claims.  The reasons are set out below.

## I.    Background

On June 15, 2023, Gilmore was driving northbound on the 7400 block of Scott Street in the far-left lane.  (Docket Entry No. 18-1 at 2).  Atcheson was driving westbound on the South Loop East Freeway service road in the middle lane.  (*Id.*).  The cars collided.   Damage to a fuel tank caused gas to leak over the roadway, requiring the hazardous response team to come to the

scene for a cleanup. (*Id.*). The investigating officer found Atcheson at fault after obtaining footage of the incident from a nearby gas station showing that Atcheson had a red light. (*Id.*). Atcheson's background report includes a notation for "Fail To Obey-Signal/Light," for which Atcheson was convicted on July 17, 2023. (Docket Entry No. 19-2 at 10). The incident report includes the following diagram of the collision:



(Docket Entry No. 18-1 at 7).

The record does not contain the gas station surveillance video that the officer saw. It instead contains the officer's bodycamera footage, which shows the officer in the gas station watching the surveillance footage. (Docket Entry No. 19-2). It is difficult to see the content of the surveillance video through the bodycamera recording.

Atcheson denies that he ran a red light, denies that the investigating officer witnessed a video of him running a red light, and asserts that he had a green light when he drove into the intersection. (Docket Entry No. 19-3 at 3–6).

2

## II.    The Legal Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  An issue of fact is genuine if a reasonable trier of fact could return judgment for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a fact is material if it "might affect the outcome of the suit under the governing law" and is not "irrelevant or unnecessary."  *Id.*  "The court must construe all the evidence and draw all reasonable inferences from the evidence in the light most favorable to the non-moving party."  *Maldonado v. Harris County*, 2025 WL 2443389, at \*2 (S.D. Tex. Aug. 25, 2025) (citing *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988)).  "If the non-moving party prevails as a matter of law after so construing the record, or if reasonable minds could differ on the import of the evidence presented, the court must deny the motion for summary judgment."  *Id.* (citing *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020)); *McMillan v. State Farm Ins. Lloyds*, No. CV H-24-504, 2025 WL 3760516, at \*2 (S.D. Tex. Dec. 29, 2025).

## III.    Analysis

### A.    Gross Negligence (Atcheson)

Exemplary damages are available if a plaintiff proves, "by clear and convincing evidence," that her injuries resulted from the defendant's gross negligence.  TEX. CIV. PRAC. & REM. CODE § 41.003(a).  Gross negligence has objective and subjective components, and means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

*Id.* § 41.001(11).

The objective component is not satisfied by either a remote possibility of serious injury or a high probability of minor harm. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008). An "extreme degree of risk is a threshold significantly higher than the objective reasonable person test for negligence." *Medina v. Zuniga*, 593 S.W.3d 238, 249 (Tex. 2019) (cleaned up). "An act or omission that is merely thoughtless, careless, or not inordinately risky cannot be grossly negligent." *Id.* (quoting *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 22 (Tex. 1994)). Rather, there must be "such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety, or welfare of the person affected." *Moriel*, 879 S.W.2d at 21 (quoting TEX. CIV. PRAC. & REM. CODE § 41.001(5)). The subjective component requires proof that the defendant knew about the extreme degree of risk but demonstrated through acts or omissions that he did not care. *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998).

Gilmore argues that Atcheson was grossly negligent because he was a professionally-trained driver operating an 80,000 pound tractor-trailer when he ran the red light. (Docket Entry No. 19 at 9–11). But "Texas courts have repeatedly made clear that whether a driver is operating a car or truck, acts that support a finding of ordinary negligence, such as a party's failure to obey traffic laws, will not support a finding of gross negligence." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 656 (S.D. Tex. 2016) (collecting cases). A conscious failure to stop at a red light or a stop sign does not constitute gross negligence. *Rogers v. Blake*, 240 S.W.2d 1001, 1004 (Tex. 1951) (conscious failure to stop at a stop sign, standing alone, does not constitute gross

negligence); *Terry v. Garcia*, 800 S.W.2d 854, 857 (Tex. App.—San Antonio 1990, writ denied) (running a red light did not amount to gross negligence). This case arises out of a "garden-variety" car accident that does not constitute gross negligence. *Medina*, 593 S.W.3d at 250.

This rule does not change because a driver is licensed and specially trained to operate a heavy commercial vehicle. Courts have rejected the argument that "operating a tractor-trailer inherently involves an extreme degree of risk because any collision involving a tractor-trailer is, by virtue of a tractor-trailer's size and weight, likely to cause serious harm." *Drake v. Crete Carrier Corp.*, No. 4:23-CV-01021-BD, 2026 WL 21361, at *6 (E.D. Tex. Jan. 5, 2026) (collecting cases). Courts apply "the same standards to truckers as to other drivers." *Id.* A Texas appellate court, for example, concluded that there was no gross negligence when an admittedly "distracted" commercial driver drove an "armored truck, weighing approximately 12,500 pounds to 15,000 pounds, while eating sunflower seeds," into the back another car that was stopped at a red light. *Williams v. Crawford*, No. 03-16-00696-CV, 2018 WL 1124306, at *15 (Tex. App.— Austin Mar. 2, 2018, no pet.). Gilmore argues that the tractor-trailer in this case is much larger than the armored vehicle in *Williams*, but the case law shows that Gilmore's argument raises a distinction of degree that is without a difference.

Summary judgment is granted in the defendants' favor on Gilmore's gross-negligence claim.

### B.      Direct Negligence (TMC)

"Under Texas law, if a defendant company stipulates to its vicarious liability for its employee's negligence, a company's liability under respondeat superior and direct negligence are mutually exclusive." *Adam v. Pope*, No. CV H-24-4761, 2025 WL 963077, at *1 (S.D. Tex. Mar. 28, 2025) (cleaned up); *see Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 654 (Tex. App.—

Dallas 2002, pet. denied); *see also Frazier v. U.S. Xpress, Inc.*, No. 19-cv-557, 2020 WL 4353175, at *3 (W.D. Tex. July 29, 2020).  Here, "TMC stipulates to the fact that Defendant Atcheson was in the course and scope of his employment at the time of the subject accident."  (Docket Entry No. 18 at 11).  The admission rule bars Gilmore's direct-negligence claims.

Gilmore responds that the admission rule does not apply when a plaintiff alleges gross negligence against an employer.  (Docket Entry No. 19 at 18).  Gilmore is correct that the admission rule does not bar a direct gross-negligence claim against a driver's employer.  *Rosell*, 89 S.W.3d at 654.  But Gilmore's complaint contains no gross-negligence claim against TMC.  (*See generally* Docket Entry No. 1-1).  The complaint quite clearly alleges gross negligence against only Atcheson:

> C. GROSS NEGLIGENCE
>
> 12. Defendant WAYNE ATCHESON's acts were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of Plaintiff and the general public. The nature of Defendant WAYNE ATCHESON's acts and omissions were of such a nature as to constitute gross negligence and malice. Defendant WAYNE ATCHESON undertook a continuous course of conscious decisions with subjective knowledge and awareness of the risks and hazards of running a red light knowing that even a minor collision with his tractor-trailer would expose Plaintiff and others on the roadway to life threatening hazards or death. When viewed objectively from the standpoint of Defendant WAYNE ATCHESON at the time of the occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant WAYNE ATCHESON committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the collision and Plaintiffs injuries and damages.

(*Id.* ¶ 12).

Even if Gilmore properly asserted gross-negligence claims against TMC, the record would not support them.  Gilmore argues that TMC was grossly negligent in hiring, training, supervising, and entrusting Atcheson because "Atcheson received a violation involving a commercial vehicle

6

within one month of hire and less than one week after completing his road test." (Docket Entry No. 19 at 19).  This traffic violation was "for operating a vehicle with a gross weight over 26,001 pounds."  (Docket Entry No. 19-4 at 4).  There is no evidence that the traffic violation alone supports an inference that Atcheson was so untrustworthy a driver that TMC was not just negligent but grossly negligent.  Employers are not liable for gross negligence by failing "inquire into or check the driver's driving record." *Phillips*, 189 F. Supp. 3d at 658.  As a result, driving checks that "come back clear or turn up convictions that do not speak to the driver's driving abilities are insufficient to raise an issue on gross negligence." *Id.*  "Indeed, the courts that find sufficient evidence of gross negligence are faced with egregious driving records of which the employer was aware and took no action to address." *Id.* (collecting cases).  There are no facts in the record that suggest TMC was grossly negligent in hiring, training, or supervising Atcheson and entrusting him with the vehicle he was driving.

Summary judgment is granted in the defendants' favor on Gilmore's direct-negligence claim.

## IV.    Conclusion

The court grants the defendants' motion for partial summary judgment.  (Docket Entry No. 18).  Summary judgment is granted on Gilmore's gross-negligence and direct-negligence claims. Gilmore's ordinary-negligence claim against Atcheson remains for trial.

SIGNED on April 15, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

7